FIRST CHARTER NATIONAL BANK *v.*
ROBERT A. ROSS ET AL.
(14688)

PETERS, C. J., BORDEN, NORCOTT, KATZ and PALMER, Js.

Argued December 7, 1993—decision released January 4, 1994

*Richard L. Newman,* with whom, on the brief, was *Thomas S. Hyman,* for the appellant (defendant Ann Ross).

*Michael S. McKenna,* for the appellee (plaintiff).

PER CURIAM. In this foreclosure action, we granted certification to review a determination by the Appellate Court that the fraudulent conduct of one guarantor of a corporate obligation in procuring the signature of a coguarantor should not be imputed to the creditor named in the guarantee. The plaintiff, First Charter National Bank, initiated an action to foreclose a mortgage executed by the defendants Robert A. Ross and Ann D. Ross in conjunction with their written guarantee of a $250,000 loan to the Midland Textile Corporation by a bank that was a predecessor of the plaintiff.[1]

After a default by the defendant Robert A. Ross, the trial court rendered judgment ordering foreclosure by sale against his interest in the mortgaged property. The

---

[1] The Concord National Bank was the creditor to whom Midland Textile Corporation was indebted, and was the named promisee of the guarantee issued by the Rosses. Subsequently, the Concord National Bank consolidated its banking operations with another bank to become First Charter National Bank, the plaintiff in this case.

defendant Ann D. Ross, however, asserted a number of defenses to the plaintiff's foreclosure action. In one of these defenses she alleged, and the trial court found, that she had been fraudulently induced to execute the mortgage by the intentional misrepresentations of her former husband, the defendant Robert A. Ross. The trial court further found that the misrepresentations of the defendant Robert A. Ross were to be imputed to the plaintiff because of the existence of an agency relationship between the plaintiff and the defendant Robert A. Ross.

On the plaintiff's appeal to the Appellate Court, that court reversed the trial court's judgment with respect to the defendant Ann D. Ross and ordered a new trial.[2] *First Charter National Bank* v. *Ross,* 29 Conn. App. 667, 617 A.2d 909 (1992). Although concurring in the trial court's finding that the signature of the defendant Ann D. Ross on the mortgage had been fraudulently procured, the Appellate Court concluded that the fraud of the defendant Robert A. Ross could not be imputed to the plaintiff. The Appellate Court determined that there was no evidence in the record to support the trial court's finding of an agency relationship between the plaintiff and the defendant Robert A. Ross. Id., 673. To review the propriety of the Appellate Court's appraisal of the relationship between the parties, this court granted a petition for certification filed by the defendant Ann D. Ross.[3]

---

[2] The Appellate Court also dismissed, for lack of aggrievement, a cross appeal filed by the defendant Ann D. Ross. *First Charter National Bank* v. *Ross,* 29 Conn. App. 667, 674–75, 617 A.2d 909 (1992).

[3] We granted the petition for certification limited to the following issue: "Was the Appellate Court correct when it reversed the trial court's determination that Robert A. Ross acted as the plaintiff's agent and, as such, his fraud should be imputed to the plaintiff?" *First Charter National Bank* v. *Ross,* 225 Conn. 903, 621 A.2d 286 (1993).

After examining the record on appeal and after considering the briefs and the arguments of the parties, we have concluded that certification was improvidently granted and that the appeal should be dismissed. The issues raised by the certified appeal have been fully and persuasively considered in the opinion of the Appellate Court; id.; and it would serve no useful purpose for us to repeat the discussion therein contained. See *Arway* v. *Bloom,* 227 Conn. 799, 801–802, 633 A.2d 281 (1993); *Fleet Bank of Connecticut* v. *Dowling,* 225 Conn. 447, 449, 623 A.2d 1005 (1993); *Hyatt* v. *Milford,* 224 Conn. 441, 445, 619 A.2d 450 (1993).

The appeal is dismissed.