[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 23, 1992, the plaintiff, Joseph J. Seaton, filed a two count revised complaint alleging negligence against the defendants, Roy A. Phillips and Drive-It-Yourself, Inc. (Drive-It-Yourself). The facts as alleged in the complaint are as follows. On July 17, 1990, a Ford truck, owned by Drive-It-Yourself and operated by Phillips, was stopped in the travelled portion of I-95 in Greenwich, Connecticut. The plaintiff's vehicle, which the plaintiff was driving north on I-95, collided with the stopped vehicle and the plaintiff suffered injuries as a result.
The defendant, Drive-It-Yourself, has now filed (#136) a motion for summary judgment on the grounds that Phillips is not an employee, agent or servant of Drive-It-Yourself, and that the plaintiff failed to allege liability based upon General Statutes § 14-154a. Drive-It-Yourself also filed an affidavit of Tim Tostanski, its vice-president, and the police report.[1]
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Suarez v. DickmontPlastics Corp. , 229 Conn. 99, 105, 639 A.2d 507 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, 229 Conn. 213,217, 640 A.2d 89 (1994). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Id.
Drive-It-Yourself contends that Phillips is not its employee, agent or servant, and therefore liability cannot be imposed through the doctrine of respondeat superior. Drive-It-Yourself further maintains that it cannot be held liable pursuant to General Statutes § 14-154a as the plaintiff did not allege this statute in his complaint. The plaintiff argues that General Statutes CT Page 72 § 14-154a was promulgated to impose the same liability upon one who rents or leases a motor vehicle as that of the operator of the vehicle.
"The underlying rationale of the modern doctrine of respondeat superior . . . is that `every man who prefers to manage his affairs through others, remains bound to so manage them that third persons are not injured by an breach of legal duty on the part of such others while they are engaged upon his business and within the scope of their authority. . . . But it must be the affairs of theprincipal, and not solely the affairs of the agent, which are beingfurthered in order for the doctrine to apply." (Citations omitted; emphasis in original; internal quotation marks omitted.) Gutierrezv. Thorne, 13 Conn. App. 493, 498, 537 A.2d 527 (1988). "Agency is defined as the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. . . . Thus, the three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." (Citations omitted; internal quotation marks omitted.) First Charter National Bank v. Ross,29 Conn. App. 667, 617 A.2d 909 (1992), appeal dismissed,228 Conn. 203, 635 A.2d 796 (1994).
The plaintiff alleges in count two of his revised complaint that Drive-It-Yourself was the owner of the vehicle, and caused the vehicle to be stopped in the travelled portion of I-95. The implication of the allegations is that Drive-It-Yourself is vicariously liable through the operator, Phillips. The vice-president of Drive-It-Yourself, Tim Tostinoski, has attested that the driver of the truck, Phillips, leased it from Drive-It-Yourself. As a lessee, Phillips, was engaged not upon Drive-It-Yourself's business but upon his own.
"The owner of a vehicle, at least in the absence of an agency relationship in which the operator is on the owner's mission, is not vicariously liable nor is he a tortfeasor. He is simply liable as a matter of public policy embodied in a statute." Ciarelli v.Commercial Union Insurance Co., 11 Conn. L. Rptr. 34, 36 (February 2, 1994, Booth, J.). General Statutes § 14-154a "imposes avicarious liability unknown at common law. The statute creates what has been termed a `statutory suretyship,' and holds the owner CT Page 73 of the rented vehicle liable for injuries caused by the operation of the vehicle as if he were the operator." (Emphasis added.)Hughes v. National Car Rental Systems, Inc., 22 Conn. App. 586,588, 577 A.2d 1132, cert. denied, 216 Conn. 817, 580 A.2d 57
(1990).
In the present case, however, the plaintiff has not alleged a cause of action based upon General Statutes § 14-154a as the statute has not been specially identified by number, pursuant to the requirements of Practice Book § 109A. Furthermore, since the plaintiff has presented no facts indicating that Phillips was furthering Drive-It-Yourself's interests, Drive-It-Yourself's nonliability may be determined as a matter of law. Gutierrez v.Thorne, supra, 13 Conn. App. 499. Accordingly, Drive-It-Yourself's motion for summary judgment is granted.
So ordered.
Dated At Stamford, Connecticut, this 5th day January, 1995.
WILLIAM B. LEWIS, JUDGE