[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#136)
The plaintiff, Mignon Woolcock, filed a second revised complaint against the defendant Sharon Hospital on July 27, 1995. The revised complaint sets forth five separate counts sounding in medical malpractice (first count), intentional assault and battery (second count), negligent assault and battery (third count), recklessness (fourth count) and fraudulent misrepresentation of medical records (fifth count). Pursuant to Practice Book § 152, the defendant filed a motion to strike the fourth and fifth counts of the plaintiff's complaint arguing that these counts fail to state a claim upon which relief can be granted because, as to the fourth count, there is no recognized cause of action in this state for reckless and wanton actions based on negligent conduct and, as to the fifth count, Connecticut does not recognize a cause of action for failure to provide medical records. The defendant also timely filed a memorandum of law in support of its motion to strike.
The plaintiff filed a memorandum of law in opposition to the motion to strike arguing that the complaint alleges, facts sufficient to support a cause of action for recklessness and that the fifth count, contrary to defendant's argument, is not an action for failure to provide medical record but is instead an action for fraudulent misrepresentation.
The fourth count of the plaintiff's complaint alleges, in pertinent part, that "the actions of the defendant, its agents and employees in performing said X-ray examination procedure on the plaintiff without her consent and over her objection and notwithstanding their knowledge of the plaintiff's medical condition and likely results of such procedure was reckless and wanton and caused the plaintiff to suffer injury to the cervical spine with resulting back, neck and radicular pain." (Plaintiff's CT Page 2 Second Revised Complaint dated July 27, 1995, Fourth Count ¶ 8.)
The fifth count alleges, inter alia, that the plaintiff orally complained of medical negligence to the defendant on January 19, 1988 and on numerous occasions thereafter. In addition, the plaintiff alleges that sometime after January 19, 1988, she submitted written requests for her medical records addressed to the defendant. The plaintiff further alleges that the defendant represented that it had reviewed her medical records and that the records did not indicate there was "malpractice" in her care and treatment and that such representation was false. In addition, the plaintiff alleges that these representations were made to induce the plaintiff not to pursue a medical malpractice claim and to hinder her in doing so and that she did not pursue her claim for medical malpractice to her loss and detriment.
"A motion to strike challenges the legal sufficiency of a pleading. In reviewing the granting of a motion to strike, we take the facts alleged in the complaint and construe them in a manner most favorable to the pleader . . . . This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint." (Citations omitted, internal quotation marks omitted.) Forbes v. Ballaro, 31 Conn. App. 235, 238-39624 A.2d 389 (1993).
"In considering the ruling upon the motion to strike, we are limited to the facts alleged in the complaint." King v. Board ofEducation, 195 Conn. 90, 93, 486 A.2d 1111 (1985). "[I]f facts provable under the allegations would support a defense or a cause of action, . . . the [motion to strike] must fail." AlarmApplications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980).
"The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91,108-09, 491 A.2d 368 (1985).
I. Fourth Count
In its memorandum in support of the motion to strike the defendant argues that the fourth count of the plaintiff's revised CT Page 3 complaint fails to state a cause of action for recklessness because the plaintiff has not alleged facts that would support such a cause of action. The defendant claims that the plaintiff has failed to allege facts beyond those alleged in the first three counts and the fourth count is therefore, nothing more than allegations of negligent or intentional acts made in the prior counts. The plaintiff, on the other hand, argues that the complaint sets forth allegations of specific conduct that she claims rises to the level of recklessness such that she has set for sufficient facts to support a cause of action for reckless conduct.
"Recklessness is a state of consciousness with reference to the consequences of one's acts . . . . It is more than negligence, more than gross negligence . . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid a danger to others, or to take reasonable precautions to avoid injury to them . . . ." (Citations omitted; internal quotation marks omitted.) Dubay v.Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988).
"Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Citations omitted, internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608,614-15, 539 A.2d 108 (1988).
In Dumond v. Denehy, the Connecticut Supreme Court stated: "We reiterate, and in so doing add emphasis to, what was said in Brockv. Waldron, 127 Conn. 79, 80-81, 14 A.2d 713 (1940). The complaint does not state with desirable accuracy a cause of action based on wanton misconduct. There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." (Internal quotation marks omitted.) Dumond v. Denehy,145 Conn. 88, 91, 139 A.2d 58 (1958).
In the present case, the plaintiff has specifically alleged, in the fourth count of her revised complaint, that the defendant's conduct in performing an X-ray examination procedure on her, without her consent, over her objection, and notwithstanding the CT Page 4 defendant's knowledge of her medical condition and likely results of such procedure, was reckless and wanton and caused injury to the cervical spine with resulting back, neck and radicular pain. These allegations are sufficient to allege recklessness and provide sufficient notice to the court and opposing counsel that reckless misconduct is relied on. Dumond v. Denehy, supra, 145 Conn. 91. See also, Just v. The Meriden Industrial Laundry, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 363932 (2 Conn. L. Rptr. 580, September 13, 1990, Hennessey, J.) (denied motion to strike reckless count as facts alleged inferred defendant acted with reckless disregard for the safety of others).
Construing the complaint in a manner most favorable to the pleader; Amodio v. Cunningham, 182 Conn. 80, 82, 438 A.2d 6 (1980); but excising all legal conclusions and unsupported opinions; AlarmApplications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980); there is a sufficient factual basis to support a cause of action for recklessness in the fourth count. Therefore, the defendant's motion to strike the fourth count of the plaintiff's second revised complaint is denied.
II. Fifth Count
The defendant claims that the fifth count should be stricken because Connecticut does not recognize a cause of action for failure to provide medical records. In addition, the defendant argues that the plaintiff appears to be anticipating a statute of limitations defense because the alleged medical malpractice took place in 1988 and the complaint was not filed until 1994. As such, the defendant argues that the fifth count is not sufficient to form the basis of a cause of action and is more appropriately plead in reply to a statute of limitations defense. The plaintiff argues that the fifth count is not a claim for failure to provide medical records but is instead a claim for fraudulent misrepresentation.
"The essential elements of an action in fraud . . . are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury." FirstCharter National Bank v. Ross, 29 Conn. App. 667, 670,617 A.2d 909 (1992), appeal dismissed, 228 Conn. 203, 635 A.2d 796 (1994), quoting Miller v. Appleby, 183 Conn. 51, 54-55, 438 A.2d 321
(1981). The plaintiff has alleged each of the elements of fraud CT Page 5 in the fifth count of her complaint. Specifically, the tenth paragraph of the fifth count alleges that the defendant represented that malpractice did not occur in the treatment and care of the plaintiff. In paragraph 12, the plaintiff alleges that the above representation was false thus setting forth the first element for an action sounding in fraud. The plaintiff also alleges that the representation was untrue and that the defendant knew it to be untrue thus asserting the second element of a fraud action. The third element, that the representation was made to induce the plaintiff to act on it, is set forth in paragraph 12 of the fifth count wherein the plaintiff alleges that the statement was "made by the defendant to induce plaintiff not to pursue a claim for medical malpractice and to hinder her if she chose to do so." Lastly, the fourth element, that the plaintiff relied on the representations of the defendant to her detriment, is set forth in paragraph thirteen of the fifth count wherein the plaintiff alleges that in "relying on these acts and representations the plaintiff did not then pursue her claim for medical malpractice to her loss and detriment." "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied . . . ." (Citations omitted.) RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). In the present case the allegation of the fifth count support a cause of action for fraud and therefore, the defendant's motion to strike the fifth count of the plaintiff's second revised complaint is denied.
As to the defendant's argument that the fifth count is an anticipatory action on the part of the plaintiff alleging an action akin to fraudulent misrepresentation, that issue will not be decided on a motion to strike which address only the sufficiency of the pleadings.
For the foregoing reasons, the defendant's motion to strike the fourth and fifth counts of the plaintiff's second revised complaint is denied.
Pickett, J.