[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#132)
The plaintiffs, Kathleen Stowers and Darris Stowers Jr. as parents and next friends of Darris Stowers III (Stowers), filed a six count complaint, dated September 14, 1995, against the defendants, Lance and Robin Arrington, Lawrence H. Smith and the Stratford Board of Education (Board.). The plaintiffs allege CT Page 3751 counts of assault and negligence against Lance Arrington, negligence against Robin Arrington, Smith and the Board, and a claim for medical expenses against all of the defendants.
The plaintiffs allege in their complaint that while Stowers was a pedestrian alongside Soundview Avenue, in front of Franklin School in Stratford, Connecticut, Lance Arrington pushed Stowers, causing him to fall into the street, whereupon Stowers was struck by a vehicle being operated by Smith, causing Stowers to suffer injuries. In count five the plaintiffs allege that Stowers was a student at Franklin Elementary School, that at the time of the incident Stowers was walking home after class, that the Board employed a crossing guard to direct pedestrian and vehicular traffic in front of the school, and that the crossing guard, acting on behalf of the board, negligently caused the injuries to Stowers.
On May 22, 1995, the Board filed a motion for summary judgment on the plaintiffs' complaint on the grounds that it had no relationship with the crossing guard upon which to establish vicarious liability, and that Stowers injuries were caused by a intervening third party and not compensable under common law or General Statutes § 52-557n(b). The plaintiffs filed a memorandum in opposition on July 31, 1995, which they supplemented on September 22, 1995. The Board filed a supplemental memorandum of law on February 1, 1996, to which the plaintiffs replied on February 15, 1996.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.)Barrett v. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748
(1995). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact . . . are CT Page 3752 insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and Way Properties v. Colt'sManufacturing Co., 230 Conn. 660, 665, 646 A.2d 143 (1994).
The Board contends that the crossing guard was not an employee, agent or servant of the Board, therefore, the Board cannot be vicariously negligent for any of the crossing guard's negligence. The plaintiffs argue that it is a question of fact as to whether the crossing guard was an employee, agent or servant of the Board.
"Under the doctrine of respondeat superior, a master is liable for the wilful torts of his servant committed within the scope of the servant's employment and in furtherance of his master's business. . . . `The master is not held on any theory that he personally interferes to cause the injury. It is simply on the ground of public policy, which requires that he shall be held responsible for the acts of those whom he employs, done in and about his business, even though such acts are directly in conflict with the orders which he has given them on the subject.'" (Citation omitted.) Larsen Chelsey Realty Co. v.Larsen, 232 Conn. 480, 500, 656 A.2d 1009 (1995). The Board has submitted an affidavit of Kerry O'Donoghue, Business Manager for the Board, who attests that on the date of the incident, the Board did not employ, supervise, train, equip, hire, or fire crossing guards, and that such crossing guards were employed by the Stratford Police Department. O'Donoghue also testified to the same facts at his deposition.
Nevertheless, the plaintiff's also allege that the crossing guard was acting as an agent for the board. "Agency is defined as the fiduciary relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. . . . Thus, the three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." (Citations omitted; internal quotation marks omitted.) First Charter National Bank v. Ross,29 Conn. App. 667, 672, 617 A.2d 909 (1992), appeal dismissed,228 Conn. 203, 635 A.2d 796 (1994). CT Page 3753
At his deposition, Gerrett Stack, the Principal of Franklin School testified that he thought that the positioning of the crossing guards was by the Traffic Division of the Stratford Police Department in cooperation with the Board. Stack further testified that the school has input with the police department as to the erection of signs and the positioning of crossing guards. Therefore, this evidence presents a genuine issue of material fact as to the control and agency of the crossing guards.
The Board also argues that an intervening third party relieves the Board of liability under common law and General Statutes § 52-557n(b). However, this issue has already been determined in this case. "The law of the case . . . is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . Where a matter has been previously ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance. . . . A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. Nevertheless, if the case comes before him regularly and he becomes convinced that the view of the law previously applied. . . was clearly erroneous and would work a manifest injustice if followed, he may apply his own judgment." (Citations omitted.) Breen v. Phelps, 186 Conn. 86, 99-100,439 A.2d 1066 (1982).
The Board previously raised this issue on a motion to strike filed June 28, 1994. The court, Maiocco, J., determined in its memorandum of decision, dated September 23, 1994, that the fifth count contains allegations of negligent supervision, therefore, § 52-557n(b) does not shield the Board from liability, and that the question of whether Stowers' injuries resulted from the negligence of the crossing guard or another defendant is one of fact. There have been no new or overriding circumstances, and the issue was correctly decided by the court, Maiocco, J. Therefore, there are genuine issues of material fact as to whether the crossing guard was an agent of the Board, and whether the injuries to Stowers resulted from the negligent CT Page 3754 supervision of the crossing guard. Accordingly, the Board's motion for summary judgment is denied.
BALLEN, J.