[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #108
The plaintiff moves for interlocutory summary judgment on the issue of liability on the ground that there are no genuine issues of material fact regarding the negligence of the defendant and therefore, the plaintiff is entitled to judgment as a matter of law. CT Page 10096
On November 5, 1996, the plaintiff filed a complaint on behalf of the decedent, Luis Rivera, against the defendant, alleging negligence, false imprisonment and a violation of42 U.S.C. § 1983. Specifically, the plaintiff alleges that the defendant's alleged agent Douglas Davenport, a professional bondsman, was negligent in wrongfully arresting the plaintiff's decedent. The plaintiff alleges that as a result of this negligence, the decedent was wrongfully incarcerated for four months and suffered various injuries.
The plaintiff now moves for interlocutory summary judgment on the issue of liability on the ground that there are no genuine issues of material fact regarding the defendant's negligence, and therefore, the plaintiff is entitled to judgment on the issue of liability as a matter of law. In support of this motion, the plaintiff has attached an affidavit and supporting documents.
The defendant has filed a memorandum in opposition to the plaintiff's motion for interlocutory summary judgment and has attached supporting documents. The defendant has also filed a supplemental objection with a supporting affidavit and documents and the plaintiff has filed a response.
"[T]he three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking . . . ." (Internal quotation marks omitted.)Hallas v. Boehmke Dobosz, Inc., 239 Conn. 658, 686 A.2d 491
(1997). "The burden of proving agency is on the plaintiff."Botticello v. Stefanovicz, 177 Conn. 22, 26, 411 A.2d 16
(1979).
"The existence of agency is a question of fact to be determined by the trier of fact." Gateway v. Dinoia,232 Conn. 223, 240, 654 A.2d 342 (1995). See also Botticello v.Stefanovicz, 177 Conn. 22, 26, 411 A.2d 16 (1979); FirstCharter National Bank v. Ross, 29 Conn. App. 667, 672,617 A.2d 909, cert. granted, 225 Conn. 903, 621 A.2d 286, dismissed, 228 Conn. 203, 635 A.2d 796 (1992) (holding that "[t]he existence of an agency relationship is a question of fact."). CT Page 10097
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Great Country Bank v.Pastore, 241 Conn. 423, 435, ___ A.2d ___ (1997) (citing Practice Book § 384.) "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id.
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogartyv. Rashaw, 193 Conn. 442, 446, 476 A.2d 582 (1984). Summary judgment is particularly "ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation . . . ." (Internal quotation marks omitted.) Michaud v. Gurney, 168 Conn. 431, 434, 362 A.2d 857
(1975). "A determination of negligence is necessarily one of fact." Id.
The plaintiff argues in support of her motion for interlocutory summary judgment that the defendant was vicariously negligent through the omissions and actions of its agents toward the plaintiff's decedent. The plaintiff argues further that the defendant owed a duty to the decedent which was breached when its agent arrested the wrong person. Also, the plaintiff claims that the admission, by the defendant's alleged agent, of a mistake regarding the arrest of the decedent amounts to an admission of negligence. Thus, the plaintiff argues that because there are no issues of material fact regarding the defendant's negligence, the court should also grant her motion for summary judgment as to counts two and three of the complaint involving false imprisonment and violations of 42 U.S.C. § 1983.
The defendant argues in opposition to the plaintiff's motion for summary judgment that the plaintiff has not met her burden of establishing an agency relationship between the alleged agent, Davenport, and the defendant and therefore, issues of fact exist as to whether Davenport was the defendant's agent. Moreover, the defendant argues that "error does not equal negligence" and therefore issues of fact exist CT Page 10098 as to the alleged negligence of the defendant and the proximate cause of the plaintiff's injuries.
The existence of an agency relationship is a question of fact to be determined by the trier of fact. The issue of the defendant's negligence involves a question of fact that "should be resolved by trial in the ordinary manner." Fogartyv. Rashaw, supra, 193 Conn. 446. Accordingly the plaintiff's motion for interlocutory summary judgment on the issue of liability is denied.
Mary R. Hennessey, Judge