[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT PREFERRED MUTUAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT (#119)
This action brought by the plaintiff property owner arises out of alleged neglect and fraudulent-misrepresentations in the sale and servicing of a fire insurance policy. The defendants are John A. Fisher, (Fisher), Fisher, Carroll Clark, Inc. (FCC), Assurance Advisors Group, Inc. (AAG), insurance agents and insurance agencies, and Preferred Mutual Insurance Company (Preferred Mutual). CT Page 3897
Preferred Mutual has moved for summary judgment as to Counts 10, 11, 12 and 13 against it, on the grounds that (1) the actions of Fisher, FCC and AAG are not binding on Preferred Mutual; (2) the plaintiff had a duty to read his insurance policy and was charged with knowledge of its provisions; and (3) the plaintiffs allegations do not state a CUTPA/CUIPA violation.
For the reasons that follow, Preferred Mutual's Motion for summary judgment is denied.
 I. Factual and Procedural History
The plaintiff's complaint alleged that he owned the property at 174 Franklin Street, Hartford, Connecticut (the property) and maintained fire insurance on the property. Prior to December 1993, the plaintiff obtained such insurance on the property with replacement cost coverage from Aetna Life and Casualty, Inc. through the Camilleri Company, Inc. agency. The defendant Fisher of the defendant FCC serviced the plaintiffs other insurance needs.
Upon the urging and solicitation of Fisher, the plaintiff authorized him to obtain replacement cost insurance on the property through Preferred Mutual. The plaintiff alleges that Fisher submitted an application for the Preferred Mutual policy, signed the plaintiffs name, and obtained actual cash value coverage instead of replacement cost coverage.[1] In a letter to the plaintiff dated May 4, 1994, Fisher stated that the coverage was the same as that provided under the Aetna policy. Later, the plaintiff requested assurance in writing that the Preferred Mutual policy included replacement cost coverage. The plaintiff received a letter dated April 20, 1995 from Fisher stating that the policy provided "Replacement Guarantee" provisions. Contrary to these representations, the Preferred Mutual policy did not provide replacement cost coverage, but only actual cash value coverage. On September 28, 1996, the plaintiff's property was destroyed by fire. Preferred Mutual has refused to pay the replacement cost value for damage to the property.
The plaintiff filed suit against Fisher, Preferred Mutual, FCC and AAG,[2] alleging negligent misrepresentation, fraudulent misrepresentation, violation of the Connecticut Unfair Trade Practices Act (CUTPA), violation of the Connecticut Unfair Insurance Practices Act (CUIPA) and promissory estoppel. CT Page 3898 Preferred Mutual moved for summary judgment claiming that no genuine issue of material fact exists and it is entitled to judgment as a matter of law. Preferred Mutual asserts that the actions of Fisher and the other defendants are not binding on it because Fisher was not its agent, and even if he was, the wrongful acts were not within the scope of any agency that may have existed between the parties. Preferred Mutual also claims that the plaintiff had a duty to read his policy and is charged with knowledge of the contents of the policy. Finally, Preferred Mutual contends that the plaintiffs claim does not demonstrate a violation of CUTPA.
The plaintiff argues that there are genuine issues of material fact that make summary judgment inappropriate. The plaintiff claims that a genuine issue of material fact exists as to whether Fisher acted as an agent for Preferred Mutual within the scope of his agency. In addition, the plaintiff contends that he did not have a duty to read his policy in light of Fisher's representations, and therefore Preferred Mutual is not entitled to judgment as a matter of law on this basis. The plaintiff also claims that he sufficiently alleged a violation of CUTPA, and accordingly Preferred Mutual's motion for summary judgment should be denied.
 II. Standard for Summary Judgment
"Summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"Department of Social Services v. Saunders, 247 Conn. 686, 696, ___ A.2d ___ (1999), quoting Practice Book § 17-49, formerly § 384. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins.Co., 245 Conn. 374, 381, 713 A.2d 820 (1998).
 III. Discussion A. Agency
Preferred Mutual first argues that it is entitled to summary judgment because Fisher was not its agent, and if he was, his CT Page 3899 actions were not within the scope of his agency. A principal may be liable for the actions of individuals acting with apparent authority or within the scope of their agency. See Hallas v.Boehmke and Dobosz, Inc., 239 Conn. 658, 673-75, 686 A.2d 491
(1997). "[T]he three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." (Internal quotation marks omitted.) Levine v.Advest, Inc., 244 Conn. 732, 759 n. 16, 714 A.2d 649 (1998). The existence of agency is normally a question of fact; however, it becomes a question of law when no reasonable juror could find actual or implied agency under the circumstances. See Hallas v.Boehmke and Dobosz. Inc., supra, 674.
An individual has apparent authority to act for a principal when "(1) the principal held the agent out as possessing sufficient authority to embrace the act in question, or knowingly permitted him to act as having such authority, and (2) in consequence thereof the person dealing with the agent, acting in good faith, reasonably believed, under all the circumstances, that the agent had the necessary authority." (Internal quotation marks omitted.) Id., 674. "Apparent authority must be derived not from the acts of the agent but from the acts of his principal." (Internal quotation marks omitted.) Id.
Preferred Mutual contends that Fisher and the other defendants were not agents for Preferred Mutual but insurance brokers. In addition, Preferred Mutual argues that the other defendants did not act with apparent authority. The plaintiff asserts that Fisher and the other defendants acted as agents for Preferred Mutual and attaches a copy of an agency agreement between the parties. It is evident that summary judgment is inappropriate in this case because there is a genuine issue of material fact concerning the existence of an agency relationship between the parties and whether Fisher acted with apparent authority.
In October 1992, FFC and Preferred Mutual entered into an "Agency Company Agreement."[3] This agreement states that FFC would act as the agent for Preferred Mutual and that the "[a]gent has full power and authority to receive and accept proposals for insurance covering such classes of risks as the Company may from time to time authorize to be insured." Memorandum in Support of CT Page 3900 Preferred Mutual's Motion for Summary Judgment, Exhibits I J. Fisher allegedly completed the plaintiff's application for insurance and advised him concerning what insurance to purchase. Preferred Mutual claims that the "Agency-Company Agreement" did not authorize Fisher to act as an agent of Preferred Mutual in taking the plaintiff's application for insurance, determining his insurance needs, or advising him of available or appropriate coverages. Preferred Mutual notes that the "Agency-Company Agreement" expressly states that the agent must "refrain from engaging in any activity on behalf of the Company, or incurring any expenses or otherwise deviating from the authority expressly granted by the Company." Memorandum in Support of Preferred Mutual's Motion for Summary Judgment, Exhibits I J.
In Baptist v. Bankers Indemnity Insurance Co., 235 F. Sup. 33,39 (D. Conn. 1965), aff'd. 377 F.2d 211 (2d Cir. 1967), an agency agreement between an insurer and an insurance broker authorized the broker "to receive and accept proposals for insurance covering such classes of risks as the Company may, from time to time, authorize to be insured." The court concluded that "the Agency Agreement was not intended to, and in fact did not, authorize [the broker], or its agents, to issue, or agree to issue any policy whatsoever."
Unlike Baptist this case involves a motion for summary judgment. The existence of agency is a question of fact unless no reasonable trier could find reasonable or implied agency under the circumstances. See Hallas v. Boehmke and Dobosz. Inc., supra,239 Conn. 674. The language in the "Agency-Company Agreement" presents a question of fact as to whether Fisher's conduct could be reasonably contemplated to be within the scope of the agency agreement. A reasonable jury could find that an actual or implied agency existed under the circumstances since the activities in which Fisher engaged may have been included in the "full power and authority to receive and accept proposals for insurance" authorized under the "Agency-Company Agreement." (emphasis added)
In addition, the agency agreement provides that "after the date of termination of this agreement, the Agent shall have no authority to solicit insurance on behalf of the Company . . . to bind the Company on any insurance, or to use the Company's name in any form of advertising." Memorandum in Support of Preferred Mutual's Motion for Summary Judgment, Exhibits I J. This language appears to implicitly authorize Fisher to bind Preferred Mutual on insurance policies and to solicit business. Since CT Page 3901 Fisher's alleged fraudulent solicitation is one of the underpinnings of this action, it appears that a genuine issue of material fact exists as to whether Fisher acted within the scope of his agency or with apparent authority when he procured the plaintiffs business for Preferred Mutual. Accordingly, Preferred Mutual's motion for summary judgment on this basis must be denied.
 B.
Preferred Mutual also argues that the court should grant its motion for summary judgment since the plaintiff had a duty to read his policy and could have determined that the policy provided actual cash value coverage, rather than replacement cost coverage. Preferred Mutual claims that the failure to read a policy prevents the plaintiff from maintaining a cause of action against it, regardless of the other defendants'conduct. The plaintiff argues that an insured's duty to read his policy is irrelevant since Preferred Mutual's agents misled him.
"The general rule is that where a person of mature years and who can read and write, signs or accepts a formal written contract affecting his pecuniary interests, it is [that person's] duty to read it and notice of its contents will be imputed to [that person] if he negligently fails to do so; but this rule is subject to qualifications, including intervention of fraud or artifice, or mistake not due to negligence, and applies only if nothing has been said or done to mislead the person sought to be charged or to put a [person] of reasonable business prudence off . . . guard in the matter." Ursini v. Goldman, 118 Conn. 554,562, 173 A. 789 (1934); see also Phoenix Leasing, Inc. v.Kosinski, 47 Conn. App. 650. 654, 707 A.2d 314 (1998); FirstCharter National Bank v. Ross, 29 Conn. App. 667, 671,617 A.2d 909 (1992), appeal dismissed, 228 Conn. 203, 635 A.2d 796
(1994) (certification improvidently granted).
In order to establish a claim for intentional misrepresentation, the plaintiff must show: "(1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury."Weisman v. Kaspar, 233 Conn. 531, 539-40, 233 A.2d 530 (1995); see also Miller v. Appleby, 183 Conn. 51, 54-55, 438 A.2d 811
CT Page 3902 (1981). "Whether evidence supports a claim of fraudulent or negligent misrepresentation is a question of fact." Citino v.Redevelopment Agency, 51 Conn. App. 262, 273, ___ A.2d ___ (1998). "[T]he liability of an insurer for any fraud, misrepresentation, or wrongful act of its agent is derivative. . . ." G R Tire Distributors. Inc. v. Allstate Ins.Co., 177 Conn. 58, 63, 411 A.2d 31 (1977).
In the present case, Preferred Mutual has not shown the nonexistence of a genuine issue of material fact as to whether its agent made fraudulent misrepresentations. According to the plaintiffs affidavit, the plaintiff authorized Fisher to obtain replacement cost coverage from Preferred Mutual. Instead, Fisher requested and obtained actual cash value coverage. In 1994 and 1995, the plaintiff requested assurance from Fisher that his coverage was replacement cost coverage. Fisher sent two letters to the plaintiff indicating that his coverage was replacement cost. Therefore there is a genuine issue of material fact as to whether Fisher, acting as the agent for Preferred Mutual, knowingly deceived the plaintiff into believing that he had replacement cost coverage. Given the complexity of insurance policies, and under the circumstances, it is likewise a question of fact as to whether it was reasonable for the plaintiff to rely upon his insurer's agent with respect to the type and extent of his coverage.
The next question that the court must consider is whether the alleged fraudulent misrepresentations made by Fisher can be attributed to Preferred Mutual under a theory of respondeat superior. "Ordinarily, it is a question of fact as to whether a wilful tort of the servant has occurred within the scope of the servant's employment and was done to further his master's business. . . . But there are occasional cases where a servant's digression from duty is so clear-cut that the disposition of the case becomes a matter of law."[4] (Citation omitted; internal quotation marks omitted.) A-G Foods. Inc. v. Pepperidge Farm.Inc., 216 Conn. 200, 207, 579 A.2d 69 (1990). "Unless [an agent] was actuated at least in part by a purpose to serve a principal, the principal is not liable." (Internal quotation marks omitted.) Id., 210. In addition, an agent does not act within the scope of his agency when the principal receives merely a de minimis indirect benefit. See id., 209.
In the present case, the plaintiff has alleged that Preferred Mutual received more than an indirect benefit as a result of the CT Page 3903 alleged fraudulent conduct of Fisher. According to the plaintiff's affidavit, prior to December 1993, the plaintiff insured the property through Aetna Life and Casualty, Inc. with replacement cost coverage. Fisher indicated that the plaintiff would receive a lower premium for the same coverage under a Preferred Mutual policy. Therefore, the plaintiff's Aetna policy was replaced with a policy from Preferred Mutual with actual cash value coverage instead of replacement cost coverage.
As a result of Fisher's alleged misrepresentation, Preferred Mutual obtained an additional policy and additional premiums, thereby conferring a benefit on Preferred Mutual. The pleadings and the exhibits before the court do not indicate the reason or motive for Fisher's conduct. However, Preferred Mutual has not shown that Fisher's conduct was a clear-cut digression from his duty as its agent. Therefore, on the present record, this question cannot be resolved as a matter of law. Compare A-GFoods. Inc. v. Pepperidge Farm. Inc., supra, 216 Conn. 210
(employee's scheme to charge employer's customer for goods employee did not deliver created unintentional, de minimis benefit to employer, and, therefore, court ruled as a matter of law); Doe v. Hartford Roman Catholic Diocesan, 45 Conn. Sup. 388,394-95, 716 A.2d 960 (1998) (priest's alleged sexual abuse of minor is clear-cut digression from duty) with Mullen v. Horton,46 Conn. App. 759, 770, 700 A.2d 1377 (1997) (inappropriate sexual contact involving priest giving pastoral and psychological counseling is an issue for the trier of fact where church derives profits from priest's counseling). Accordingly, Preferred Mutual's motion for summary judgment on this basis must be denied.
 C.
Preferred Mutual also contends that the court must grant its motion for summary judgment as to count twelve since the plaintiff fails to state a claim for a violation of CUTPA. Preferred Mutual asserts that the plaintiff must allege misconduct that rises to the level of a general business practice by Preferred Mutual in order to recover under a CUTPA claim against an insurer. The plaintiff argues that he need not establish that Preferred Mutual engaged in a general business practice since his CUTPA claim does not involve unfair claim settlement practices under General Statutes § 38a-816 (6).
In order to establish a cause of action against an insurer CT Page 3904 under CUTPA, General Statutes § 42-110b, the plaintiff must prove a violation of CUIPA, General Statutes § 38a-816. SeeMead v. Burns, 199 Conn. 651, 666, 509 A.2d 11 (1986). The Connecticut Supreme Court has stated that "isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention." Id. In evaluating a claim of unfair claim settlement practices, CUIPA requires proof that an insurer has engaged in such practices "with such frequency as to indicate a general business practice." (Internal quotation marks omitted.)Lees v. Middlesex Ins. Co., 229 Conn. 842, 849, 643 A.2d 1282
(1994). This case, however, does not involve a claim of unfair claim settlement practices.
General Statutes § 38a-816 (1) defines misrepresentations and false advertising of insurance policies. According to this subsection, it is an unfair practice to misrepresent the "benefits, advantages, conditions or terms of any insurance policy." A number of Superior Court decisions have held that a plaintiff may state a claim under CUTPA by alleging a violation of CUIPA under General Statutes § 38a-816 (1) through only a single misrepresentation. See, e.g., Holleran v. Nationwide Ins.Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 340967 (September 5, 1997, Skolnick, J.);Sygiel v. Clifford. Ban, Loos, Insurance Agency, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 360149 (July 27, 1995, Licari, J.) (14 Conn. L. Rptr. 561);Martin Sons. Inc. v. Covenant Ins. Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 508599 (May 4, 1994, Hennessey, J.). But see ClearheartConstruction Co. v. Charles Daniels Service Corp., Superior Court, judicial district of Danbury, Docket No. 314177 (July 14, 1994, Moraghan, J.) (holding claim stating only a single act of misconduct under General Statutes § 38a-816 (1) is prohibited based upon Mead v. Burns).
Unlike Mead v. Burns, the plaintiff alleges that Preferred Mutual violated CUIPA based upon subsections (1)(a), (1)(f), (3), and (8) of General Statutes § 38a-816.[5] Mead v.Burns dealt with a claim of unfair claim settlement practices under General Statutes § 38a-816 (6). Subsection (6) prohibits only conduct that is committed or performed "with such frequency as to indicate a general business practice.", and Preferred Mutual's reliance on it is misplaced. CT Page 3905
An examination of the statute's subsections that the plaintiff cites in his complaint do not contain this, or similar, limiting language. In light of the substantial number of Superior Court cases sustaining such a claim based on a single act under General Statutes § 38a-816 (1), I conclude that plaintiff has sufficiently stated a CUTPA/CUIPA claim against Preferred Mutual. Accordingly, as Preferred Mutual is not entitled to judgment as a matter of law on this basis, its motion for summary judgment must be denied.
 Conclusion
For the foregoing reasons, Preferred Mutual's motion for summary judgment is denied.
TELLER, J.