[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, Peglar Associates, Inc. ("Peglar" or "plaintiff), brought this action against the defendants, Professional Indemnity Underwriters Corp. ("PIU"), Montgomery and Collins, Inc. ("M C"), and Montgomery and Collins, Inc. of Texas ("M C of Texas") (collectively "defendants"), alleging breach of contract and CUTPA violations. It is alleged that the plaintiff and the defendants entered into two agreements, the CT Page 5205 "1991 Finders' Fee Contract" and the "1994 Finders' Fee Contract, " whereby the plaintiff"agreed to assist PIU for the purpose of identifying a carrier or carriers which would enter into an agreement with PIU whereby PIU would become, for example. the MGA, and/or underwriter. . . . [O]nce Peglar located a carrier . . . Peglar would receive a finders' fee." It is alleged that the defendants breached those contracts and owe the plaintiff finders' fees.
The defendants move to dismiss the complaint on the ground that this court lacks jurisdiction to hear the case. They argue that "the forum selection clause contained in one of the contracts at issue designates Texas as the proper forum for adjudication of any disputes concerning that contract." The plaintiff filed an objection to the defendants' motion to dismiss, arguing that the court does have jurisdiction to hear this case. The plaintiff claims that the more recent forum selection clause should apply, the claims under the two contracts should not be separated, and the plaintiff's choice of forum should be given greater deference.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991).
Both the plaintiff and the defendants agree that a forum selection clause should be enforced. "Connecticut case law is clear that the courts will uphold an agreement of the parties to submit to the jurisdiction of a particular tribunal." PhoenixLeasing, Inc. v. Kosinski, 47 Conn. App. 650, 653, 707 A.2d 314
(1998). "As a general rule, `parties to a contract may agree in advance to submit to the jurisdiction of a given court'. . . . The forum selection clause will be upheld if, based on the facts of the case, it is found to be reasonable. . . . If the clause is unreasonable or unjust, it will be disregarded." (Citations omitted; internal quotation marks omitted.) McConnon v. The RXRGroup, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 160843 (Oct. 9, 1997,Mintz, J.); see also Total Telecommunications, Inc. v. TargetTelecommunications, Inc., et al., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 053516 (Mar. 11, 1997, Corradino, J.). CT Page 5206
It is not alleged that the forum selection clauses in either of the contracts are unreasonable or were obtained by fraud or deception. Therefore, each forum selection clause is valid. The defendants argue that this case should be dismissed since there is a contract which has a forum selection clause designating Texas as the proper forum. However, they ignore the fact that there is a second, and equally enforceable, contract with a forum selection clause which designates Connecticut as the appropriate forum. In fact, it is the more recent (1994) contract which designates Connecticut as the proper forum.
The plaintiff alleges in its complaint that the defendants have breached both the 1991 and 1994 Finders' Fee contract. The defendants are "not contesting personal jurisdiction with respect to claims arising out of the 1994 Contract." The defendants argue, however, that "the plaintiff improperly combined causes of action which require different places of trial . . . [and] plaintiff's Complaint should be dismissed in its entirety." The court finds this argument unpersuasive. It is alleged that the defendants have failed to pay the plaintiff the finders fees under both the 1991 contract and the 1994 contract. There is no need to separate the two causes of action and insist that two separate trials be held, one in Texas and one in Connecticut. Judicial economy would be better served if the two causes of action were litigated in one trial. The parties to both contracts, and the issues therein, are identical. Furthermore, the witnesses and documents needed would be the same.
The defendants next argue that "the application of the forum non conveniens doctrine clearly compels dismissal of this action." This, too, is unpersuasive. "Generally, in the absence of strong countervailing considerations,`[t]he plaintiff's choice of forum [not withstanding that it] may well have been chosen . . . because it provides the plaintiff with certain procedural or substantive advantages, should be respected. . . .'" (Alterations in original.) Drumm v. Brown,245 Conn. 657, 688, 716 A.2d 50 (1998).
"The Supreme Court stated in Picketts v. InternationalPlaytex, Inc., 215 Conn. 490, 576 A.2d 518 (1990) that `unlessthe balance is strongly in favor of the defendant. theplaintiff's choice of forum should rarely be disturbed. . . . Although it would be inappropriate to invoke [a] rigid rule to govern discretion . . . it bears emphasis that invocation of the CT Page 5207 doctrine of forum non conveniens is a drastic remedy . . . which the trial court must approach with caution and restraint. The trial court does not have unchecked discretion to dismiss cases from a plaintiff's chosen forum simply because another forum, in the court's view, may be superior to that chosen by the plaintiff. . . . Although a trial court applying the doctrine of forum non conveniens must walk a delicate line to avoid implicitly sanctioning forum shopping by either litigant at the expense of the other . . . it cannot exercise its discretion in order to level the playing field between the parties. The plaintiff's choice of forum, which may well have been chosen precisely because it provides the plaintiff with certain procedural or substantive advantages should be respected unless equity weighs strongly in favor of the defendant. . . . [T]he overriding inquiry in a forum non conveniens motion is not whether some other forum might be a good one, or even a better one than the plaintiff's chosen forum. The question to be answered is whether the plaintiff's chosen forum is itself inappropriate or unfair because of the various private and public interest considerations involved. . . . Accordingly, the trial court, in exercising its structured discretion, should place its thumb firmly on the plaintiffs side of the scale, as a representation of the strong presumption in favor of the plaintiff's chosen forum, before attempting to balance the private and public interest factors relevant to a forum non conveniens motion.' (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 500-502." (Alterations in original; emphasis in original.) Maietta v. Johnson, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 144273 (May 17, 1995, D'Andrea, J.).
This court finds no reason why the plaintiff's choice of forum should be disturbed. The defendants do not allege any facts which would override the strong presumption that the plaintiff's chosen forum should be utilized, and the court finds no reason why Connecticut is an improper forum for this action. As such, the defendants' motion to dismiss the plaintiff's complaint is denied.
D'ANDREA, J.