## JOSEPH PEPE ET AL. *v.* GNC FRANCHISING, INC.

| Superior Court | Judicial District of New Haven | File No. CV990424776S |
|---|---|---|

Memorandum filed February 15, 2000

*Alfred Zullo*, for the plaintiffs.

*Sorokin, Sorokin, Gross, Hyde & Williams*, for the defendant.

BLUE, J. Although forum selection clauses were once disfavored by American courts, the current law is that a "forum clause should control absent a strong showing that it should be set aside." *The Bremen* v. *Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972); see *United States Trust Co.* v. *Bohart*, 197 Conn. 34, 42, 495 A.2d 1034 (1985). The case now before the court involves a forum selection clause that, as far as the record shows, was freely agreed to by the parties. Because the forum chosen by that clause is Pennsylvania, the defendant has moved to dismiss. The court's decision would be a relatively easy one were it not for a Connecticut statute restricting the viability of forum selection clauses in certain franchise cases. Because of this legislation, the motion to dismiss can be granted only in part.

This case arises out of a franchising agreement between the plaintiffs, Joseph Pepe and Ronald Pepe, and the defendant, GNC Franchising, Inc. (GNC), dated April 26, 1977. GNC is designated the "Franchisor," and the Pepes are designated the "Franchisee." The agreement contains the following forum selection clause: "The parties agree that any action brought by prospective Franchisee or Franchisee against Franchisor in any court, whether federal or state, shall be brought only within the Commonwealth of Pennsylvania in the judicial district in which Franchisor has its principal place of business; and the parties waive all questions of personal jurisdiction or venue for the purpose of carrying out this provision. The parties also agree that the Franchisor may bring any action against Franchisee in any court, whether federal or state within the Commonwealth of Pennsylvania. If Franchisor brings an action against Franchisee in any state or federal court located within the Commonwealth of Pennsylvania in the judicial district in which Franchisor has

its principal place of business, Franchisee accepts generally and unconditionally the jurisdiction and venue of the aforesaid courts and waives any defense of forum non conveniens."

The Pepes commenced this action by service of process on April 2, 1999. Their complaint, alleging certain breaches of the franchise agreement, consists of five counts. The first count alleges breach of contract. The second count alleges an unfair trade practice in violation of 15 U.S.C. § 41. The third and fourth counts allege violations of General Statutes § 42-133f. The fifth count alleges a violation of Connecticut's Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.

On May 26, 1999, GNC filed the motion to dismiss now before the court. The motion, which seeks to dismiss the Pepes' entire complaint, was heard on February 14, 2000. GNC has also filed an amended motion to dismiss directed against only the first, second, and fifth counts of the complaint. At argument, however, GNC informed the court that it was claiming the original motion to dismiss in its entirety.

The Pepes assert three principal arguments against GNC's motion. Their first argument, which invokes the Connecticut statute mentioned earlier, is persuasive with respect to the third and fourth counts of the complaint.

Section 42-133f (f) provides that: "Any waiver of the rights of a franchisee under sections 42-133f or 42-133g which is contained in any franchise agreement entered into or amended on or after June 12, 1975, shall be void." General Statutes § 42-133g (a) provides in pertinent part that: "Any franchisee may bring an action for violation of sections 42-133e to 42-133g, inclusive, in the Superior Court to recover damages sustained by reason of such violation . . . ." As mentioned, the third and fourth counts of the complaint specifically allege violations

of § 42-133f. Although the agreement's forum selection clause is, on its face, a waiver of the franchisee's right to bring an action for those asserted violations in the Connecticut Superior Court, § 42-133f (f) renders that waiver invalid. The motion to dismiss must, consequently, be denied as to the third and fourth counts.

The Pepes' remaining arguments are addressed to the motion to dismiss in its entirety. They initially claim that the forum selection clause of the franchise agreement is unenforceable. This contention is not sustainable given the facts before the court. The first sentence of the clause in question is unambiguous that actions brought by the Pepes must be brought in Pennsylvania. "Absent a showing of fraud or overreaching, such forum clauses will be enforced by the courts." *United States Trust Co.* v. *Bohart*, supra, 197 Conn. 42. There is no evidence in this case of any fraud or overreaching sufficient to invalidate the forum selection clause in question. 1 Restatement (Second), Conflict of Laws § 187 (2) (1988), governing contractual choice of law clauses, provides a useful referent in cases involving contractual forum selection clauses. See *Nedlloyd Lines B.V.* v. *Superior Court*, 3 Cal. 4th 459, 465–66, 834 P.2d 1148, 11 Cal. Rptr. 2d 330 (1992). 1 Restatement (Second), supra, § 187 (2) provides in pertinent part that: "The law of the state chosen by the parties to govern their contractual rights and duties will be applied . . . unless either (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties choice, or (b) application of the law of the chosen state would be contrary to the fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which . . . would be the state of the applicable law in the absence of an effective choice of law by the parties."

Using § 187 (2) of the Restatement as a referent, it is clear that the forum selection clause in question should be applied. Pennsylvania, the forum state, has a substantial relationship to the parties, since that state is GNC's principal place of business. That fact establishes a reasonable basis for the parties' choice.

Moreover, the selection of Pennsylvania as the forum state is not contrary to a fundamental policy of Connecticut with respect to the first, second and fifth counts of the complaint. The public policy of Connecticut on this issue has been precisely articulated by the legislature. Section 42-133g (a), read in conjunction with § 42-133f (f), clearly provides that a forum waiver is invalid with respect to "an action for violation of sections 42-133e to 42-133g, inclusive . . . ." If the legislature had intended the public policy against forum selection to extend to other forms of action, such as common law contract and CUTPA claims, it could easily have done so. It did not. The dismissal of the first, second and fifth counts will not be contrary to Connecticut public policy.

The Pepes' contention that the forum selection clause should not be enforced because it is a contract of adhesion is equally unavailing. "The general rule is that where a person of mature years and who can read and write, signs or accepts a formal written contract affecting his pecuniary interests, it is his duty to read it and notice of its contents will be imputed to him if he negligently fails to do so . . . ." *Ursini* v. *Goldman*, 118 Conn. 554, 562, 173 A. 789 (1934). This rule is fully applicable to forum selection clauses. *Phoenix Leasing, Inc.* v. *Kosinski*, 47 Conn. App. 650, 654–55, 707 A.2d 314 (1998). There is no evidence of any fraud or artifice sufficient to overcome this rule here. The forum selection clause, quoted above, is clear and unambiguous that actions brought by the franchisee must be brought in Pennsylvania. See *Effron* v. *Sun Line Cruises, Inc.*, 67 F.3d 7, 9 (2d Cir. 1995).

For the reasons set forth above, the motion to dismiss is granted as to the first, second and fifth counts of the complaint. It is denied as to the third and fourth counts.