[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is a two count complaint arising out of a motor vehicle accident in Hartford on July 15, 1998, the first count being directed at Budget Group, Inc., alleging liability pursuant to General Statutes §14-154a[1], as lessor of the car which allegedly collided with plaintiffs cars Budget filed this motion for summary judgment on February 25, 2000, claiming that the operator of its rented vehicle was not an authorized driver under its rental contract. Each party has submitted the affidavit of Geoff Abare, certified copies of the depositions of Rosita Roman and Nathaniel Willingham and a copy of the rental agreement. The plaintiff basically claims that since it is not clear who was operating the rented car at the time of the accident, this presents a question of material fact precluding the granting of this motion. Plaintiff claims a second issue regarding the notice to the plaintiff of the restriction on additional drivers in the rental contract.
A "material fact" has been defined adequately and simply as a fact which will make a difference in the result c)f the case." Hammer v.Lumberman's Mutual Casualty Co., 214 Conn. 573, 578 (1990). Plaintiff can not rely on the lack of identity of the operator of the rented motor vehicle to create a material question of fact since it is clear that the only driver authorized under the rental contract was not the actual driver. Pedevillano v. Byron. et al., 231 Conn. 265 (1994) CT Page 7853
In Pedevillano our Supreme Court held that liability under General Statutes § 14-154a was limited by the authorized driver term of the rental contract and imposition of on the rental agency requires on a showing that the operator to be an authorized driver under the rental agreement. Nothing in the affidavits or deposition testimony, in the present case, indicates in any way that the unidentified driver was an authorized driver under the rental agreement.
The rental agreement provided that the only authorized drivers were the renter, the renter's spouse, renter's employer, employee or coworker and any other additional drivers expressly named. In her deposition, Rosita Roman, the renter of the vehicle, testified that she was not driving the vehicle at the time of the accident. The deposition of Nathaniel Willingham corroborates that fact, because he testified that the driver of the rental car was a young man and that no one else was in the car with the driver. Rosita Roman, in her deposition, also testifies that she is not married and therefore her spouse could not have been driving the rental vehicle, and further indicates that the rental car was not being driven by her employer, an employee or a coworker at the time of the accident. She also testified that she did not request that additional drivers be added to the rental agreement.
Even though the identity of the driver is uncertain, all the deposition testimony of the Rosita Roman and Nathaniel Willingham make it clear that the driver of the vehicle at the time of the accident was some person other than an authorized driver under the rental agreement.
 II.
The plaintiff claims that the additional drivers provision in the rental contract is not applicable to Rosita Roman because the option of adding authorized drivers was never brought to her attention. Plaintiff points to the fact that the rental agreement is preprinted, that the issue of additional drivers was never raised with Rosita Roman, and that her response of "No. I don't think so."; to the question of whether she asked to have additional drivers listed. These factors, plaintiff claims, are enough to create a question of fact as to whether she assented to the additional drivers provision included in the rental agreement.
"[T]he general rule is that where a person of mature years who can read and write signs or accepts a formal written contract affecting his pecuniary interests, it is his duty to read it, and notice of its contents will be imputed to him if he negligently fails to do so; but this rule is subject to qualifications, including the intervention of CT Page 7854 fraud or artifice, or mistake not due to negligence, and applies only if nothing has been said or done to mislead the person sought to be charged or to put a man of reasonable business prudence off his guard in this matter." GR Tire Distributors, Inc. v. Allstate Ins. Co., 177 Conn. 58,61-62 (1979); see also Phoenix Leasing, Inc. v. Kosinski,47 Conn. App. 650, 654, 707 A.2d 314 (1998); Boian v. Snappy Car Rental, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 536672 (November 14, 1997, Aurigemma, J.).
In the present case, the plaintiff has not provided any evidence of fraud, artifice or mistake, except that the affidavit of Geoff Abare suggests obliquely that the additional drivers provision in the rental agreement was tilled out after Rosita Roman had already rented the car.
The rental agreement in its present form qualifies as a business entry under General Statues § 52-180 and is clear on its face. Plaintiff's claim of lack of assent is not supported by sufficient evidence to raise a material question of fact in the absence of any evidence of fraud, artifice or mistake. Moreover no claim has been made that the actual operator would have been listed as an additional authorized driver.
Since there are no genuine issues of material fact relative to either the operation of the vehicle by an authorized driver or the applicability of the additional drivers provision of the rental agreement, defendant's motion for summary judgment is granted.
 Wagner J. Trial Judge Referee