[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 103)
Before the court is the defendants' motion to dismiss the plaintiff's complaint for lack of personal jurisdiction.[1] The plaintiff alleges the following facts in her complaint.[2] The plaintiff, Esther Steiman, retained the services of the defendants, Bernard Pitcoff, Bernard J. Pitcoff Company and Jason Maxwell, Ltd., to represent her in a tax assessment appeal. The defendants live and operate their businesses within the state of New York. The plaintiff is a Connecticut resident. According to the plaintiff, the defendants solicited business from her by sending a letter to her at her residence in Connecticut. She also alleges that the defendants communicated with her on several occasions by sending letters to her in Connecticut. The plaintiff also alleges that she paid the defendants for services that they failed to perform, and that the defendants made several false misrepresentations to her regarding her tax matter. The plaintiff alleges that her tax appeal was eventually dismissed due to the defendants' neglect. She also alleges that she was damaged by the defendants' willful or wanton misconduct.
The defendants now move to dismiss the plaintiff's complaint on the ground that the court lacks personal jurisdiction over them. The defendants filed a memorandum of law in support of their motion together with an affidavit from Bernard Pitcoff. The plaintiff filed a memorandum in opposition to the defendants' motion together with her affidavit. CT Page 14365
"It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v.Branford, 247 Conn. 407, 410-11, 722 A.2d 271 (1999). "Practice Book § [10-31] provides in pertinent part: The motion to dismiss shall be used to assert . . . (2) lack of jurisdiction over the person. . . ."Knipple v. Viking Communications, Ltd., 236 Conn. 602, 604 n. 3,674 A.2d 426 (1996). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Citations omitted; internal quotation marks omitted.) Castro v. Viera, 207 Conn. 420, 429, 541 A.2d 1216 (1988).
"When a defendant files a motion, to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.) Knipple v. Viking Communications, Ltd., supra, 236 Conn. 606. "If a challenge to the court's personal jurisdiction is raised by a defendant, either by a foreign corporation or by a nonresident individual, the plaintiff must bear the burden of proving the court's jurisdiction." Id., 607.
In the present case, the plaintiff purported to serve her complaint on the defendants pursuant to Connecticut's long-arm statute, General Statutes § 52-59b. The statute provides, in pertinent part: "(a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership . . . who in person or through an agent: (1) Transacts business within the state . . . or (3) commits a tortious act outside the state causing injury to person or property within the state . . . if he (A) regularly does or solicits business, or engages in any other persistent course of conduct . . . in the state. . . ." General Statutes § 52-59b.
Taking the facts in the complaint as true and construing them in the light most favorable to the pleader, the plaintiff alleges a cause of action for professional malpractice. Her allegation that the defendants made false representations to her at her Connecticut residence, and than she was injured thereby, is sufficient to allege that the defendants engaged in tortious conduct which caused injury to her within CT Page 14366 Connecticut. "False representations entering Connecticut by wire or mail constitute tortious conduct in Connecticut. . . ." Knipple v. VikingCommunications, Ltd., supra, 236 Conn. 610. Accordingly, the plaintiff has satisfied the statutory requirements for personal jurisdiction over the defendants.
"When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Internal quotation marks omitted.) Knipple v. Viking Communications, Ltd., supra, 236 Conn. 606. "If a challenge to the court's personal jurisdiction is raised by a defendant, either by a foreign corporation or by a nonresident individual, the plaintiff must bear the burden of proving the court's jurisdiction." Id., 607.
In the present case, the plaintiff purported to serve her complaint on the defendants pursuant to Connecticut's long-arm statute, General Statutes § 52-59b. The statute provides, in pertinent part: "(a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership . . . who in person or through an agent: (1) Transacts business within the state . . . or (3) commits a tortious act outside the state causing injury to person or property within the state . . . if he (A) regularly does or solicits business, or engages in any other persistent course of conduct . . . in the state . . ." General Statutes § 52-59b.
Taking the facts in the complaint as true and construing them in the light most favorable to the pleader, the plaintiff alleges a cause of action for professional malpractice. Her allegation that the defendants made false representations to her at her Connecticut residence, and that she was injured thereby, is sufficient to allege that the defendants engaged in tortious conduct which caused injury to her within Connecticut. "False representations entering Connecticut by wire or mail constitute tortious conduct in Connecticut. . . ." Knipple v. VikingCommunications, Ltd., supra, 236 Conn. 610. Accordingly, the plaintiff has satisfied the statutory requirements for personal jurisdiction over the defendants.
The court must now determine whether the exercise of jurisdiction over the defendants would violate their right to due process. See id., 606. "The twin touchstones of due process analysis under the minimum contacts CT Page 14367 doctrine are foreseeability and fairness. [T]he foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." (Internal quotation marks omitted.) United States Trust Co. v. Bohart, 197 Conn. 34, 41,495 A.2d 1034 (1985); see also Phoenix Leasing, Inc. v. Kosinski,47 Conn. App. 650, 654, 707 A.2d 314 (1998).
On the question of minimum contacts, the plaintiff alleges that the defendants had the following contacts with Connecticut: The defendants solicited business from her at her Connecticut residence with their offer to represent her in her tax matter. On July 11, 1997, the defendants sent a letter to her at her Connecticut residence which contained false information regarding the actions of the Internal Revenue Service. On September 2, 1997, and January 27, 1998, the defendants sent letters to the plaintiff at her Connecticut residence which contained false information regarding the status of her tax case. These letters prompted her to pay the defendants to pursue an appeal of her tax case, although they failed to do so. On August 10, 1998, the defendants again sent a letter to the plaintiff at her Connecticut residence requesting more money for the appeal, an appeal they again failed to pursue. The plaintiff alleges that on December 20, 1999, the defendants sent her a letter at her Connecticut residence which contained false information regarding reasons why her tax case was not being appealed.
The defendants argue that they did not have sufficient contacts with the state of Connecticut to subject them to the jurisdiction of the state. The defendants further argue that the plaintiff contacted them in New York for a tax matter pending in New York. They contend that the plaintiff fails to allege that they came to Connecticut, performed any work in Connecticut or transacted any business in the state. It is undisputed, however, that all communications between the parties were by letter between the defendants' New York address and the plaintiff's Connecticut residence. This correspondence between the plaintiff and the defendants lasted over a decade. It is submitted that the plaintiff has alleged facts sufficient to show that the defendants had sufficient contacts with Connecticut for them to foresee or reasonably anticipate being sued here. See Charlup v. Omnicorp Holdings, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 121184 (August 24, 1993, Nigro, J.) (fact that defendant sent faxes, paychecks, and correspondence and made telephone calls to Connecticut supported finding of jurisdiction). Accordingly, the court finds that jurisdiction over the defendants is proper.
Having satisfied the minimum contacts requirements, exercising jurisdiction over the defendants is proper unless such exercise would be CT Page 14368 unfair. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477-78,105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Because the defendants have not shown that litigating this case in Connecticut would be so burdensome as to be unfair, the court's jurisdiction is proper. The defendants also argue that the case should be dismissed under the doctrine of forum non conveniens. However, the defendants failed to adequately brief this ground, and, therefore, the court will deem it abandoned. See Emerick v.Kuhn, 52 Conn. App. 724, 744, 737 A.2d 456, cert. denied, 249 Conn. 929,738 A.2d 653, cert. denied, ___ U.S. ___, 120 S.Ct. 500, 145 L.Ed.2d 386
(1999) (stating that "[a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Our Supreme Court has stated that [w]e are not required to review issues that have been improperly presented to [the] court through an inadequate brief." (Citations omitted; internal quotation marks omitted.)). Additionally, the "invocation of the doctrine of forum non conveniens is a drastic remedy . . . which the trial court must approach with caution and restraint." (Citations omitted; internal quotation marks omitted.) Picketts v. International Playtex, Inc.,215 Conn. 490, 501, 576 A.2d 518 (1990).
Therefore, the court declines to review this claim or dismiss the plaintiff's cause of action for forum non conveniens. Accordingly, the defendants' motion to dismiss is denied.
SKOLNICK, J.