[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Darren Gagliardi, has brought the instant action claiming personal injuries as a result of slipping on a wet floor while exercising at the defendant, The Fitness Group, LLC, d/b/a/ World Gym (hereinafter, World Gym). The defendant now seeks summary judgment based upon a general release and waiver in the plaintiffs contract with the World Gym. The relevant language states:
 The member recognizes that there are dangers connected with any physical activity and that the activities the member may choose to enter at World Gym could result in members sustaining physical injury and/or cause to suffer illness. Member agrees that he/she is voluntarily participating in these activities, and use of the facility and premises (including the parking lot) and hereby releases the club and their respective directors, officers and employees from
 (c) Any claim for personal injury sustained by any member in, or about the facilities including without limitation any claims for personal injuries resulting from negligence of the club or its directors, officers or employees, or the negligence of any other person using the facilities and acknowledges that member uses the facility at his own risk.
The plaintiff argues that not only does the waiver not relieve the defendant of its own negligence, but it does not reflect the intent of the parties. He states that after the defendant's martial arts instructor, Leslie Richardson invited him into the aerobics room to spar, he slipped while executing a particular maneuver. He maintains that Mr. Richardson knew the floor was slippery after the prior aerobics CT Page 12287 class. The defendant disagrees with plaintiffs recitation of the facts and, notwithstanding, argues that the waiver agreement constitutes a complete defense to the plaintiff's claims.
Both parties cite Judge Corradino's exhaustive analysis in Bashura v.Strategy Plus, Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 050871 (November 20, 1997, Corradino, J.) (21 Conn.L.Rptr. 59) for support of their respective positions and while Judge Corradino denied the motion for summary judgment in that case, he did so because the general release was not as specific as that existing in the present case. Judge Corradino noted that "the waiver agreement made no explicit reference to the operator's negligence." Id., 63. Such is not the case in the World Gym agreement. Following his lead, other Superior Court Judges have upheld waiver agreements similar to that in this case. See, Salvatore v. 5 D's Inc., Superior Court, judicial district of Waterbury, Docket No. 153131 (February 20, 2001, Doherty, J.) (28 Conn.L.Rptr. 714); Connors v. Reel Ice, Inc., Superior Court, judicial district of Hartford at Hartford, Docket No. 579993 (July 24, 2000, Wagner, J.) (27 Conn.L.Rptr. 610).
There are, perhaps, disputed issues such as whether the plaintiff approached Leslie Richardson or whether Leslie Richardson approached the plaintiff requesting to spar or even whether the plaintiff or Mr. Richardson knew if the floor was slippery. The waiver agreement is clear, however, that the plaintiff has released the World Gym from any claim of personal injury resulting from the negligence of its employees. Thus, the above contested issues are not material. The only issue is whether the waiver agreement is valid — not whether Mr. Richardson asked the plaintiff to spar or whether he knew the floor might be wet from sweat. As noted by Judge Corradino, "it is generally recognized that agreements exempting owners and operators of sports facilities from liability for negligence entered into with patrons of the facility are valid and enforceable against a patron." Bashura v. Strategy Plus, Inc. supra, 21 Conn.L.Rptr. 61. Our appellate court has noted that "`[t]he general rule is that where a person [who is] of mature years and who can read and write, signs or accepts a formal written contract affecting his pecuniary interests, it is [that persons] duty to read it and notice of its contents will be imputed to [that person] if [that person] negligently fails to do so. . . .'"; Phoenix Leasing, Inc. v. Kosinski,47 Conn. App. 650, 654, 707 A.2d 314 (1998); See also Salvatore v. 5D's, Inc., supra, Superior Court, Docket No. 153131.
This court is not unsympathetic to the plaintiff's injuries. They are apparently real and serious. Yet, the plaintiff has alleged that he slipped on sweat on a gym floor. Athletes do sweat and there is nothing CT Page 12288 inherently wrong with the defendant attempting to protect itself from the reality of this potential hazard. The plaintiff, however, is a college graduate and a law student and had the opportunity to review the agreement before it was signed. He was familiar with the operation of gyms and experienced in the martial arts. Similar to the hockey player plaintiff in Connors v. Reel Ice, Inc., supra, the plaintiff herein was free to practice martial arts in another gym. This court finds no ambiguity in the contract's meaning; there is nothing about this agreement which suggests a violation of public policy.
Accordingly, there is no real issue to be tried and the motion for summary judgment is granted. Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989).
Berger, J. CT Page 12289